**REDACTED**

JMM:BTR
F.#2011R01004
NYNYE562

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

ATHANASIOS MICHAELIDES,
    also known as "Sacci," "Saci"
    and "Saki,"
MARTIN LOVLY,
PABLO JOSE BURGOS, also known as
    "GiGi,"
DENNIS MITTS,

    and
ADAM VALASQUEZ,

        Defendants.

- - - - - - - - - - - - - - - - - -X

THE GRAND JURY CHARGES:

**F I L E D**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JAN 29 2013 ★

LONG ISLAND OFFICE

S U P E R S E D I N G
I N D I C T M E N T

Cr. No. 11-639 (S-4)(JFB)
(T. 18, U.S.C., §§
894(a)(1), 922(g)(1),
924(a)(2),
924(c)(1)(A)(ii),
924(d), 981(a)(1)(C),
982(a)(1), 982(b)(1),
1951(a), 1956(h), 2314,
2 and 3551 et seq.;
T. 21, U.S.C., §§
841(b)(1)(A)(ii)(II),
841(b)(1)(C), 846,
853(a) and 853(p);
T. 28, U.S.C., § 2461(c))

## COUNT ONE
(Hobbs Act Robbery Conspiracy)

    1. In or about and between April 2008 and April 2010,
both dates being approximate and inclusive, within the Eastern
District of New York and elsewhere, the defendants ATHANASIOS
MICHAELIDES, also known as "Sacci," "Saci" and "Saki," PABLO JOSE
BURGOS, also known as "GiGi," MARTIN LOVLY,
DENNIS MITTS,

and ADAM VALASQUEZ, together with
others, did knowingly and intentionally conspire to obstruct,

2

delay and affect commerce, and the movement of articles and
commodities in commerce, by robbery, to wit: the robbery of
illegal narcotics traffickers and business owners in Kings
County, Queens County, Bronx County, Nassau County and Suffolk
County, New York.

(Title 18, United States Code, Sections 1951(a) and
3551 et seq.)

COUNT TWO
(Conspiracy to Distribute Controlled Substances)

2.   On or about and between April 1, 2005 and October
26, 2011, both dates being approximate and inclusive, within the
Eastern District of New York and elsewhere, the defendant
ATHANASIOS MICHAELIDES, also known as "Sacci," "Saci" and "Saki,"
together with others, did knowingly and intentionally conspire to
distribute and possess with intent to distribute one or more
controlled substances, which offense involved (a) 50 kilograms or
more of a substance containing marijuana, a Schedule I controlled
substance, and (b) five kilograms or more of a substance
containing cocaine, a Schedule II controlled substance, contrary
to Title 21, United States Code, Section 841(a)(1).

(Title 21, United States Code, Sections 846,
841(b)(1)(A)(ii)(II) and 841(b)(1)(C); Title 18, United States
Code, Sections 3551 et seq.)

<u>COUNT THREE</u>
(Extortionate Collection of Credit Conspiracy)

3.    On or about and between April 1, 2005 and
September 29, 2011, both dates being approximate and inclusive,
within the Eastern District of New York and elsewhere, the
defendant ATHANASIOS MICHAELIDES, also known as "Sacci," "Saci"
and "Saki," together with others, did knowingly and intentionally
conspire to use extortionate means to collect and attempt to
collect one or more extensions of credit.

(Title 18, United States Code, Sections 894(a)(1), 2
and 3551 <u>et</u> <u>seq</u>.)

<u>COUNT FOUR</u>
(Interstate Transportation of Stolen Property)

4.    On or about and between December 20, 2008 and
December 22, 2008, both dates being approximate and inclusive,
within the Eastern District of New York and elsewhere, the
defendants ATHANASIOS MICHAELIDES, also known as "Sacci," "Saci"
and "Saki," and MARTIN LOVLY, together with others, did knowingly
and intentionally transport, transmit and transfer in interstate
commerce goods, wares and merchandise, of a value of $5,000 or
more, to wit: clothing worth more than $186,000, knowing the same
to have been stolen.

(Title 18, United States Code, Sections 2314, 2 and
3551 <u>et</u> <u>seq</u>.)

4

## COUNT FIVE
### (Hobbs Act Robbery)

5.   On or about December 26, 2008, within the Eastern District of New York, the defendant MARTIN LOVLY, together with others, did knowingly and intentionally obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by robbery, to wit: the robbery of Jane Doe No. 1, the owner of a perfume business in Queens County, New York, whose identity is known to the Grand Jury.

(Title 18, United States Code, Sections 1951(a), 2 and 3551 et seq.)

## COUNT SIX
### (Brandishing of a Firearm during Crime of Violence)

6.   On or about December 26, 2008, within the Eastern District of New York, the defendant MARTIN LOVLY, together with others, did knowingly and intentionally use and carry a firearm, to wit: a Lorcin semi-automatic .25 caliber handgun, during and in relation to one or more crimes of violence, to wit: the crimes charged in Counts One and Five, and did knowingly and intentionally possess said firearm in furtherance of such crimes of violence, which firearm was brandished.

(Title 18, United States Code, Sections 924(c)(1)(A)(ii), 2 and 3551 et seq.)

COUNT SEVEN
(Felon-in-Possession of a Firearm)

7.    In or about and between April 2008 and April 2010,
both dates being approximate and inclusive, within the Eastern
District of New York, the defendant MARTIN LOVLY, having
previously been convicted in a court of a crime punishable by a
term of imprisonment exceeding one year, did knowingly and
intentionally possess in and affecting commerce a firearm, to
wit: a Lorcin semi-automatic .25 caliber handgun, and ammunition.

(Title 18, United States Code, Sections 922(g)(1),
924(a)(2) and 3551 et seq.)

COUNT EIGHT
(Conspiracy to Launder Money)

8.    On or about and between April 1, 2008 and October
26, 2011, both dates being approximate and inclusive, within the
Eastern District of New York and elsewhere, the defendants
ATHANASIOS MICHAELIDES, also known as "Sacci," "Saci" and "Saki,"
█████████████████ MARTIN LOVLY and ADAM VELASQUEZ, together with
others, did knowingly and intentionally conspire to conduct
financial transactions in and affecting interstate commerce, to
wit: the use of money obtained from the sale of controlled
substances and robbery proceeds, which transactions in fact
involved the proceeds of specified unlawful activity, to wit:
narcotics trafficking, in violation of Title 21, United States
Code, Sections 841(a)(1) and 846, and obstruction of commerce by

robbery, in violation of Title 18, United States Code, Section 1951(a), knowing that the property involved in the transactions represented the proceeds of some form of unlawful activity, with intent to promote the carrying on of the specified unlawful activity, contrary to Title 18, United States Code, Section 1956(a)(1)(A)(i).

(Title 18, United States Code, Sections 1956(h) and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION AS TO COUNTS ONE, THREE, FOUR AND FIVE

9.    The United States hereby gives notice to the defendants charged in Counts One, Three, Four and Five that, upon conviction of any such offenses, the government will seek forfeiture in accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which require any person convicted of such offenses to forfeit any property constituting or derived from proceeds obtained directly or indirectly as a result of such offenses.

10.    If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a)    cannot be located upon the exercise of due diligence;

(b)    has been transferred or sold to, or deposited with, a third party;

(c)   has been placed beyond the jurisdiction of the court;

(d)   has been substantially diminished in value; or

(e)   has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of such defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

## CRIMINAL FORFEITURE ALLEGATION
### AS TO COUNT TWO

11.   The United States hereby gives notice to the defendant charged in Count Two that, upon his conviction of that offense, the government will seek forfeiture in accordance with Title 21, United States Code, Section 853(a), which requires any person convicted of such offense to forfeit any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such offense, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such offense.

12.   If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a)   cannot be located upon the exercise of due diligence;

(b)   has been transferred or sold to, or deposited with, a third party;

(c)   has been placed beyond the jurisdiction of the court;

(d)   has been substantially diminished in value; or

(e)   has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of such defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 21, United States Code, Sections 853(a) and 853(p))

## CRIMINAL FORFEITURE ALLEGATION AS TO COUNTS SIX AND SEVEN

13.   The United States hereby gives notice to the defendant charged in Counts Six and Seven that, upon conviction of either offense, the government will seek forfeiture in accordance with Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), which require the

forfeiture of any firearm or ammunition involved in or used in any knowing violation of Title 18, United States Code, Sections 922(g) or 924, or any violation of any criminal law of the United States.

    14.  If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    (a)  cannot be located upon the exercise of due diligence;

    (b)  has been transferred or sold to, or deposited with, a third party;

    (c)  has been placed beyond the jurisdiction of the court;

    (d)  has been substantially diminished in value; or

    (e)  has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of such defendant up to the value of the forfeitable property described in this forfeiture allegation.

    (Title 18, United States Code, Section 924(d); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

CRIMINAL FORFEITURE ALLEGATION
AS TO COUNT EIGHT

15.  The United States hereby gives notice to the
defendants charged in Count Eight that, upon conviction of such
offense, the government will seek forfeiture in accordance with
Title 18, United States Code, Section 982(a)(1), of all property
involved in the offense of conviction in violation of Title 18,
United States Code, Section 1956, or conspiracy to commit such
offense, and all property traceable to such property.

16.  If any of the above-described forfeitable
property, as a result of any act or omission of the defendants:

(a)  cannot be located upon the exercise of due
diligence;

(b)  has been transferred or sold to, or deposited
with, a third party;

(c)  has been placed beyond the jurisdiction of
the court;

(d)  has been substantially diminished in value;
or

(e)  has been commingled with other property which
cannot be divided without difficulty;
it is the intent of the United States, pursuant to Title 18,
United States Code, Section 982(b)(1), to seek forfeiture of any

11

other property of such defendants up to the value of the
forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 982(a)(1) and
982(b)(1))

A TRUE BILL

FOREPERSON

LORETTA E. LYNCH
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

SIR:

PLEASE TAKE NOTICE that the within will be presented for settlement and signature to the Clerk of the United States District Court in his office at the U.S. Courthouse, 610 Federal Plaza, Central Islip, New York, on the ___ day of_____, 20__, at 10:30 o'clock in the forenoon.

Dated: Central Islip, New York

_____, 20_____

_____

United States Attorney,
Attorney for _____

To:

_____

_____

_____

Attorney for _____

SIR:

PLEASE TAKE NOTICE that the within is a true copy of _____ duly entered herein on the ___ day of _____, in the office of the Clerk of the Eastern District of New York,

Dated: Central Islip, New York

_____, 20_____

United States Attorney,
Attorney for _____

To:

_____

_____

_____

Attorney for _____

---

Criminal Action No.

**UNITED STATES DISTRICT COURT**
**Eastern District of New York**

UNITED STATES OF AMERICA

- against-

ATHANASIOS MICHAELIDES
    also known as "Sacci," "Saci,"
    and "Saki,"
MARTIN LOVLY,
PABLLO JOSE BURGOS, laso known as
    "GiGi,"
BRAD ELFERIS,
DENNIS MITTS,
DIMITRI NICHOLAS VALACHOS, also
    known as "Jimmy James,"
    "James Valachos,"   and
ADAM VALASQUEZ,

           Defendants.

---

INDICTMENT

(T. 18, U.S.C., §§ 894 (a) (1), 922 (g) (1), 924 (a) (2), 924 (c) (1) (A) (ii), 924 (d), 981 (a) (1) (C), 982 (a) (1), 982 (b) (1), 1951 (a), 1956 (h), 2314, 2 and 3551 et seq.; T. 21, U.S.C., §§ 841 (a) (1), 841 (b) 910 (A) (ii), 841 (b) (1) (C), 846, 853 (a) and 853 (p); T. 28, U.S.C. § 2461 (c) )

_____

a true bill.

_____
               Foreman

_____
Filed in open court this_____day of
_____A.D._____

_____
               Clerk

Bail, $_____

_____

Burton T. Ryan
Assistant U.S. Attorney 631-715-7853